# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

---

**BRANDON SMITH**                                                    **PLAINTIFF**

**vs.**                                                    **CASE NO.: 3:21cv111-SA-RP**

**MOAFK ALSID**                                                    **DEFENDANT**

---

## DEFENDANT  MOAFK ALSID'S
## MEMORANDUM IN SUPPORT OF RULE 12(B)(1) MOTION TO DISMISS FOR
## LACK OF SUBJECT MATTER JURISDICTION

---

Defendant Moafk Alsid ("Alsid") respectfully submits this Memorandum in Support of his Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion") as follows:

## I.  **INTRODUCTION**

Plaintiff Brandon Smith is a wheelchair-bound advocate for the disabled who has filed dozens of cases in this Court and the U.S. District Court for the Western District of Tennessee alleging ADA violations.[1]  Defendant Alsid owns a convenience store at 985 Stateline Road E, Southaven, Mississippi, 38671.

In his Amended Complaint, Plaintiff prays for (1) the Court to enter a mandatory injunction requiring Alsid to correct certain property conditions and maintenance practices allegedly not in compliance with ADA accessibility guidelines, and (2) an award of attorney's fees. The ADA does not provide for any recovery of compensatory damages, and Plaintiff seeks none.

However, Plaintiff's claims are moot as all property conditions that allegedly failed to meet ADA accessibility standards, including additional items not referenced in the Complaint, have been addressed.  See Exhibit 1 to Motion, Supplemental Declaration of Doug Thornton at ¶ 7.  It is well

---

[1] Plaintiff's filing practices are thoroughly examined in *Brandon Smith v. John W. McMahon*, In the United States District Court for the Northern District of Mississippi, Case. No. 3:21-cv-127-MPM-RP, Brief in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (dkt. #11 at p. 1-4).

established Defendant may rely upon items outside of the pleadings to attack the factual basis of a Plaintiff's jurisdictional allegations in a 12(b)(1) motion.

Since there are no present violations of the ADA at Alsid's facility, this Court does not have subject matter jurisdiction over Plaintiff's moot claims, and the Complaint should be dismissed.

## II.    FACTS

Plaintiff filed this lawsuit alleging nine conditions at Alsid's facility failed to comply with ADA accessibility guidelines: (1) no van accessible parking; (2) no visible upright signage designating accessible parking; (3) paint delineating the accessible parking was faded; (4) not enough clear ground space around bagged ice machine ; (5) accessible entrance not adequately level; (6) lack of designated accessible parking with upright signage; (7) sakes counter higher than 36 inches; (8) restroom doors close too quickly; and (9) self-serve counter too high (dkt #9, Amended Complaint at ¶ 25(a)-(i)).  The Amended Complaint also makes non-specific allegations of failing to maintain the facility in ADA compliance.  *Id* at ¶ 25(j)-(l).

To address these allegations, Alsid hired a highly qualified and experienced American Institute of Architects certified architect, Doug Thornton and his firm AERC, PLLC, to inspect its entire facility and identify all issues with ADA accessibility guidelines, so that it could ensure full compliance with ADA requirements.  See Exhibit 1 to Motion; Dkt. #40-2, Defendant's Expert Disclosure, at p. 3, ¶ 2.  Alsid, in consultation with Mr. Thornton and his firm, undertook to correct all non-compliant features of the facility that Mr. Thornton and his firm identified, not just the ones in Plaintiff's Complaint.  *Id* at p. 5, ¶ 2 - 5.

After Alsid completed his initial work, Mr. Thornton and his firm carefully reviewed the facility.  *Id*. at p. 5, ¶ 5 - 7.  Mr. Thornton concluded that, while Alsid had corrected most of the deficiencies, there were still items requiring further corrective action.  *Id*.  Mr. Thornton's

declaration stated he would address those additional items by supplemental declaration once work was completed. Alsid then addressed those three remaining items. Exhibit 1 to Motion at ¶ 6 – 7.

On June 10, 2022, Mr. Thornton provided a supplemental declaration that reviewed the additional efforts of Alsid and attached photographs demonstrating that those items had been cured. Exhibit 1 to Motion. Mr. Thornton's supplemental declaration concluded:

> In summary, my firm and I conducted to the best of our ability multiple thorough site reviews of this facility and reported all of the features, within a reasonable degree of professional certainty, that were not in compliance with ADA standards in a remedial site plan drawing. My firm and I subsequently reviewed the Owner's remediation efforts on March 18, 2022, which my firm and I determined corrected all but 3 conditions identified in the Complaint, Defendant's Expert Report or the remedial site plan drawing. My firm has personally inspected and I have reviewed photographs on the three unresolved remaining items initially found to be non-compliant as of the March 18, 2022 inspection. My firm and I are now satisfied (and the attached photographs demonstrate) that all of the unresolved items listed above have been corrected according to the appropriate ADA accessibility standards.

> Exhibit 1 to Motion at ¶ 7.

There is no evidence in the record contradicting Mr. Thornton's Supplemental Declaration.

## III.    ARGUMENT

"Federal courts are tribunals of limited subject matter jurisdiction and may only entertain a case that fits within the judicial power of Article III of the Constitution and a statutory grant of subject matter jurisdiction." *Laufer v. Galtesvar OM, LLC*, 2020 WL 7416940, *2 (W.D. Texas Nov. 23, 2020). A court lacks subject matter jurisdiction and should dismiss an action if the plaintiff does not have standing to assert his claims. *Id*. In order to establish standing, "the plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" not only that he has suffered an "injury in fact" but that such injury is capable of being "redressed by a favorable judicial decision*." Deutsch v. Travis County Shoe Hosp., Inc*., 721 F. App'x 336, 339 (5th Cir. 2018).

"Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout [the litigation] (mootness).'" *Deutsch*, 721 F. App'x at 339. For example, claims for injunctive relief become moot if a defendant voluntarily does the things the plaintiff is requesting the Court order the defendant to do. See *id*. ("Standing for injunctive relief requires 'a threat of present or future harm' to the plaintiff. Even if the plaintiff has previously encountered illegal conduct, there is no current case or controversy to support an injunction if there are no 'continuing, present adverse effects.'").

Mootness is easily shown when, for example, a defendant has made "structural modification[s] to undo the offending conduct," making it "absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future." *Langer v. Siguenza*, 2020 WL 4919603, *3 (C.D. Cal. July 9, 2020). That is, permanent fixes bear no risk "a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off." *Allied Home Mort. Corp. v. U.S. Dept's of Housing & Urban Dev*., 618 F. App'x 781, 785-86 (5th Cir. 2015).

Indeed, courts routinely dismiss ADA accessibility claims if the defendant corrects the property conditions at issue. United States Court of Appeals decisions affirming such dismissals include *Suarez-Torres v. Panaderia Y Reposteria Espana, Inc.,* 988 F.3d 542 (1st Cir. 2021) (renovations by bakery made after suit was filed mooted claim); *Oliver v. Ralphs Grocery Co*., 654 F.3d 903, 905 (9th Cir. 2011) ("a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim"); *Dalton v. JJSC Properties, LLC*, 967 F.3d 909, 914 (8th Cir. 2020) (upholding dismissal of moot claims pursuant to Rule 12(b)(1) after defendant "submitted photographs, schematics, and affidavits showing that it had remedied [Plaintiff's] concerns about the lack of a demarcated accessible parking spot, van spot, access aisle, and proper signage"); *Hummel v. St. Joseph County Bd. Of Com'rs*, 817 F.3d 1010 (7th Cir. 2016

(installation of accessible restrooms made claim for injunctive relief moot); *Kennedy v. Omegagas & Oil, LLC*, 748 F. App'x 886 (11th Cir. 2018) (affirming dismissal on mootness after defendant fixed issues that could be remediated).

United States District Court decisions recognizing that correcting the conditions at issue moots the claims and requires dismissal include *Langer v. Stevens*, 2020 WL 8573855b (C.D. Cal. 2020) (correction of van accessible parking space issues mooted claim); *Boimott v. Border Foods, Inc.*, 361 F.Supp. 3d 858 (D. Minn. 2019) (modifications including providing accessible seating, and in bathrooms including correcting force required to open doors made case moot); *Norkunas v. Tar Heel Capital Wendy's, LLC*, 2011 WL 2940722 (W.D. N.C. 2011) (alteration of curb ramps to comply with guidelines made claims moot); *Ruggier v. Go Mart, Inc.*, 107 F.Supp. 3d 580 (S.D.W. Va. 2015) (relocation of toilet paper dispenser in restroom to make ADA compliant made case moot); and *Sharp v. Rosa Mexicano, D.C.*, LLC, 496 F.Supp.2d 93 (D.D.C. 2007) (dismissing case after men's room sink was made accessible).

A defendant may rely upon affidavits or other evidence, outside of the complaint, to challenge the factual basis of plaintiff's alleged standing. *Hunter v. Regions Bank*, 2013 WL 5020959, *4 (N.D. Tex. Sept. 13, 2013) (quoting *Oaxaca v. Rosco*, 641 F.2d 386, 391 (5th Cir. 1981)). *See also Sandifer v. Lumberton Pub. Sch. Dist.*, 2007 WL 2071799, *1 (S.D. Miss. July 16, 2007) ("It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts."). As such, "no presumptive truthfulness attached to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial from evaluating for itself the merits of jurisdictional claims." *Hunter*, 2013 WL 5020959, at *4 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### A. Plaintiff's Claims Related to Corrected Property Conditions and Maintenance Practices are Moot.

Title III of the Americans with Disabilities Act allows an individual to bring a claim for discrimination based on a property owner's "failure to remove architectural barriers" to accessibility at a place of public accommodation (essentially a place to which the public is invited) "where such removal is readily achievable." 42 U.S.C. § 12182(b)(2(A)(iv). Relief under Title III is limited to "injunctive relief," *Deutsch*, 721 F. App'x at 340, such as an order requiring the subject property be "alter[ed]" to make it "readily accessible to and usable by individuals with disabilities," 42 U.S.C. § 12188(a). The applicable ADA accessibility standards are those found in the 2010 ADA Standards for Accessible Design (hereinafter 2010 ADAAG). Therefore, for purposes of this motion, Plaintiff's "[s]tanding . . . requires 'a threat of present or future harm'," *Deutsch*, 721 F. App'x. at 340, that plaintiff will again encounter property conditions at the Southaven store which violate the 2010 ADAAG. To this end, Defendant addresses Plaintiff's specific contentions regarding items that were compliant or have been rendered compliant as follows:

Van Accessible Parking, Accessibility Parking Signage, and Accessibility Parking Striping. Plaintiff alleges the facility lacks van accessible parking space, adequate upright signage for van accessible parking, faded accessible parking striping, and a second allegation of inadequate accessible parking. (dkt. #9 at ¶ 25(a)-(c), (f)). Mr. Thornton's original declaration attests to the proper correction of these issues except for the striping of the west 5 parking spaces. Dkt. # 40-2 at p.15, ¶ 4. Mr. Thornton's also identified the need to increase the accessibility aisle to 8 feet. *Id.* at ¶ 6. Thornton's Supplemental Declaration attests to the correction of this remaining item. Exhibit 1 to Motion at p. 4, ¶ 6. The accessibility parking, accessibility signage, accessibility parking striping, and accessible aisles therefore comply with the applicable ADA requirements.

*Id.*; Dkt. # 40-2 at p. 15, ¶ 4.

Sales Counter and Self-Service Counter. The Amended Complaint alleges that the sales counter and self-service counter are both situated too high. Dkt. # 9, ¶ 25(g), (i). Mr. Thornton in his original declaration attests to having carefully reviewed certain corrective work and references collective Exhibit 1 which shows a sales counter measuring below 36 inches and with a width of at least 24 inches. Dkt. #40-2 at p. 15. In his supplemental declaration, Mr. Thornton states the self-service counter is now ADA compliant with attached pictures demonstrating the same. Ex. 1 to Motion at p. 5, ¶ 6.

Men's Restroom. The Amended Complaint states that the door closers for the restroom doors close to quickly (dkt. #9, ¶ 25(h)); however, the Plaintiff's expert report determined they were in fact compliant. Exhibit 2 to the Motion, Plaintiff's Expert Designation and Disclosure at p. 3. Though not mentioned in the Amended Complaint, Defendant's expert report also found the restroom door nearest the rear exit door was installed with less than 18 inches clear width on the latch side of the pull side of the door. Dkt. # 40-2 at ¶4. Despite the fact this issue was not listed in the Amended Complaint, Alsid addressed it at significant cost as evidenced by the Supplemental Declaration of Doug Thornton and incorporated photographs. Exhibit 1 to Motion at p. 6, ¶ 5 - 6.

Exterior Bagged Ice Machine. The Amended Complaint alleges that the exterior bagged ice cooler did not offer enough clear ground space for forward of side reach access. Dkt. #9, ¶ 25(d). Defendant's Expert Report demonstrates this condition was remedied with incorporated photos. Dkt. #40-2 at p. 15, ¶ 6.

Accessible Entrance. The Amended Complaint alleges that the accessible entrance does not provide the minimum level of maneuvering clearance for a forward approach to the pull side of the designated accessible entry door. Dkt. #9, ¶ 25(e). However, the Plaintiff's expert report found that this condition was compliant. Exhibit 2 at p. 4.

7

Maintenance Issues. Plaintiff merely asserts general allegations in its prayer for relief that Alsid must be ordered "to implement and carry out effective policies" … "so that the facility remains accessible to and usable by individuals with disabilities." Dkt. #9 at ¶ 25(j)-(l). Alsid, however, has voluntarily and permanently corrected all property conditions at great cost, thereby rendering any such hypothetical maintenance-related claims moot. See Exhibit 1 to Motion at ¶ 6-7.

**B.      Plaintiff's Claim for Attorney's Fees Should Also be Dismissed as Moot.**

In *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res*., 532 U.S. 598 (2001), the United States Supreme Court held that attorney's fees were not available under the Fair Housing Act or the ADA when the law being challenged by plaintiff was repealed by the state legislature, thereby mooting Plaintiff's claims. In doing so, the Court rejected the "catalyst theory" for attorney's fees "which posit[ed] that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 601. Instead, the Court held that a party can become a "prevailing party," potentially entitled to attorney's fees, only via a judgment on the merits, a consent decree, or some other judicially sanctioned change in the parties' relationship. *Id*. at 603-04. *See also id.* at 607 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change.").

Following the rule set out in *Buckhannon*, the Fifth Circuit Court of Appeals has held that for a party to qualify as a prevailing party, it "must (1) obtain actual relief, such as an enforceable judgment or a consent decree, (2) that materially alters the legal relationship between the parties, and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Salazar v. Maimon*, 750 F.3d 514, 521 (5ᵗʰ Cir. 2014). *See also, Suarez-Torres v. Panaderia Y Reposteria Espana,* 988 F.3d 542, 552 (1ˢᵗ Cir. 2021) ("a voluntary

change in conduct by the defendant … lacks the necessary judicial imprimatur for prevailing party status"); and *Race v. Toledo-Davila*, 291 F.3d 857 (1st Cir. 2002) (district court's issuance of an injunction merely to maintain the status quo without reaching the merits was not sufficient for plaintiff to be a prevailing party entitled to a fee award under ADA).

In this case, Plaintiff has not achieved any judicially sanctioned result that could make it a prevailing party. Accordingly, Plaintiff may not recover attorney's fees on claims dismissed as moot or because Plaintiff does not otherwise have standing. Moreover, in the face of lack of jurisdiction and mootness, the Plaintiff and his attorneys have no basis to be rewarded for engaging in costly litigation for the sake of generating fees when a simple demand letter likely would have had the same result.

## V.    CONCLUSION

For the foregoing reasons, Defendant Moafk Alsid respectfully requests the Court grant its Motion and dismiss the Amended Complaint (dkt. #9) for lack of subject matter jurisdiction.

RESPECTFULLY SUBMITTED, this 10th day of June, 2022.

Harris Shelton Hanover Walsh, PLLC

*/s/ Benjamin D. West*
Benjamin D. West (MS Bar #103191)
2112 Old Taylor Road, B5
Oxford, Mississippi 38655
(662)234-7447
bwest@harrisshelton.com

-and-

Walker, Brown and Brown, P.A.

*/s/ William A. Brown*
William A. Brown (MS Bar #4708)
Post Office Box 276
Hernando, Mississippi 38632
(662)429-5277
bbrown@wbblaw.us

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served on the following persons by the courts electronic filing system and electronic mail this 10th day of June, 2022:

Brian K. Herrington, Esq.
CHHABRA GIBBS & HERRINGTON, PLLC
120 N. Congress Street, Suite 200
Jackson, MS 39201
bherrington@nationalclasslawyers.com

/s/ Benjamin D. West
BENJAMIN D. WEST